United States District Court
Southern District of Texas
**ENTERED**
September 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BILLY NELSON, | § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 3:20-CV-00133 |
| PNK (LAKE CHARLES) LLC, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Billy Nelson alleges that on July 26, 2018, he was injured while standing outside his vehicle in the valet lane of the L'Auberge Casino Resort in Lake Charles, Louisiana when a valet driver struck the passenger door of his vehicle, which then hit and injured him. On March 23, 2020, Nelson filed this lawsuit in the 405th Judicial District of Galveston County, Texas against Penn National Gaming, Inc. ("Penn National"), Pinnacle Entertainment, Inc. ("Pinnacle"), PNK (Lake Charles), LLC d/b/a L'Auberge Du Lac Hotel & Casino ("PNK"), and John Doe (the valet driver) for negligence and gross negligence.

On April 27, 2020, PNK removed the case to federal court based on diversity jurisdiction. Approximately two and a half months later, on July 15, 2020, Nelson filed a Motion to Remand. *See* Dkt. 9. For the reasons set forth below, I **RECOMMEND** that the Motion to Remand be **DENIED**.

The federal removal statute generally permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. *See* 28 U.S.C. § 1441(a). One such grant of authority is found in the diversity jurisdiction provision of

28 U.S.C. § 1332(a), which provides district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under this statute requires complete diversity, meaning that no plaintiff can be a citizen of the same state as any defendant. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993). Diversity jurisdiction is tested at the time of removal. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

Motions for remand are governed by 28 U.S.C. § 1447(c), which requires remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Before getting to the merits of the removal issue, Nelson points out that he filed his Motion to Remand more than 30 days after PNK filed its notice of removal. Believing he should have filed his Motion to Remand within 30 days of the notice of removal, Nelson asks me to nonetheless consider his motion. He maintains that he would have moved for remand sooner, but "uncertain times," "social distancing and stay at home orders" all delayed his filing. Dkt. 9 at 1. I have good news for Nelson. His Motion to Remand was not untimely. "A motion to remand the case on the basis of any defect *other than lack of*

*subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c) (emphasis added). Thus, a plaintiff must file a motion to remand within 30 days if it wants to raise a procedural defect; that is, "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Suplico Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). But a motion to remand based on a lack of subject matter jurisdiction—such as no diversity of citizenship, or the absence of a federal question—may be filed anytime, not just within 30 days of the notice of removal. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993).

With the timeliness issue out of the way, it is time to focus on whether I possess subject matter jurisdiction over this case. "Remand is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (internal quotation marks and citation omitted). Because PNK asserts that there is diversity of citizenship, I must determine (1) whether the amount in controversy exceeds $75,000, and (2) whether complete diversity of citizenship exists.

The amount in controversy requirement is easily met. Nelson alleged in his state court lawsuit that he is seeking "monetary relief of more than $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Dkt. 1-1 at 9. Check that box.

There is also complete diversity of citizenship. Nelson is a Texas citizen because he is a resident of Galveston, Texas, and domiciled there. *See Preston v. Tenet*

3

*Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (for purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile). As far as the Defendants are concerned, none are citizens of the State of Texas:

> Penn National: Penn National is a Pennsylvania corporation with its principal place of business in Wyomissing, Pennsylvania. A corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Accordingly, Penn National is a citizen of Pennsylvania for diversity purposes.
>
> Pinnacle: Pinnacle is a Delaware corporation with its principal place of business in Las Vegas, Nevada. For diversity purposes, it is a citizen of Delaware and Nevada.
>
> PNK: PNK is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability company are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at a member that is either a corporation or an individual and identifying its citizenship status. *See id.*; *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). PNK is wholly owned by Pinnacle MLS, LLC. In turn, Pinnacle MLS, LLC is wholly owned by Pinnacle, who is also its sole member. As noted above, Pinnacle is a Delaware corporation with its principal place of business in Las Vegas, Nevada. As such, Pinnacle is treated as a citizen of Delaware and Nevada for the diversity analysis.

Since Nelson is a Texas citizen and none of the defendants are Texas citizens, complete diversity of citizenship exists.[1]

---

[1] The presence of a John Doe defendant has no impact on the diversity inquiry. The removal statute instructs district courts that for purposes of removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Accordingly, the citizenship of John Doe is disregarded for purposes of determining the existence of diversity jurisdiction. S*ee Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 248 (5th Cir. 2011).

Despite the existence of complete diversity between the parties, Nelson argues that this Court lacks jurisdiction because Penn National has continuous and systematic contacts with the State of Texas. Nelson specifically points out that Penn National purportedly owns and operates the Sam Houston Race Track located in Houston, Texas. Nelson confuses personal jurisdiction and subject matter jurisdiction. "Whether the court has personal jurisdiction over [Nelson] is not the test and quite beside the point" at the motion to remand stage because "a defendant's contacts with the forum state play no part in a court's ruling on a motion to remand." *Payne v. Gov't Emp. Ins. Co.*, No. 3:19-CV-231-L, 2019 WL 1767058, at *3 (N.D. Tex. Apr. 22, 2019). In deciding whether diversity jurisdiction exists, my job is to simply determine if there is complete diversity of citizenship and whether the damages sought exceed $75,000. For subject matter jurisdiction purposes, it is neither here nor there whether a defendant has few or many contacts with a forum.

Nelson also asserts that PNK's removal filings were untimely. This argument is weak, but I might as well knock the strawman down. According to Nelson, PNK knew about the lawsuit on February 10, 2020, but did not file the Motion to Remand until April 27, 2020. This 77-day window is problematic, says Nelson, because PNK "has not met the requirement that its Motion to Remove be filed within 30 days of having knowledge of Plaintiff's claims and Original Petition." Dkt. 9 at 4. There is no such legal requirement. The federal removal statute provides that a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). In interpreting this statute, none other than the United

5

States Supreme Court has held that the 30-day clock begins to run on the date a defendant is formally served with process. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). The date a defendant learns of the lawsuit's existence is completely irrelevant for purposes of calculating the 30 days; it is the date of formal service that triggers an obligation to remove the lawsuit. *See id.*

Last, but not least, Nelson complains that PNK acted improperly by removing the case to federal court before it had been formally served with the Complaint and Summons. Nelson's position evidences a fundamental misunderstanding of removal law. There is nothing improper or untoward with a defendant filing a notice of removal before it has been formally served with process. Indeed, the Fifth Circuit has flatly rejected the argument that a removal is premature because the removing party had not been served. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("[S]ervice of process is not an absolute prerequisite to removal.").

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's Motion to Remand (Dkt. 9) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 25th day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE